NEW YORK,
May, 1812.

VAN SLYCK
v.
TAYLOR.

In an action for an *escape*, brought against a constable, before a justice of the peace, the execution was not produced, but *parol* evidence was given of it. It was held, that this not being objected to at the trial, could not, afterwards, be alleged for error.

A justice has no authority to discharge a prisoner on execution, without a special power for that purpose, from the plaintiff in the suit. And if a constable who has the prisoner in his custody, discharges him by order of the justice, who has no such authority from the plaintiff, he is liable to an action for an *escape*.

## VAN SLYCK *against* TAYLOR.

IN error, on *certiorari*, from a justice's court.

*Taylor* brought an action of debt against *Van Slyck*, a constable, for the *escape* of *Josias Minkler*, jun. in his custody, under an execution at the suit of *Taylor*, issued by a justice. The execution against *Minkler* was not produced, nor any reason given why it was not. *Parol* proof was given, that the defendant below had such an execution, on which he held *Minkler* in his custody. The amount of the execution was not stated. No objection was made to this *parol* proof. The defendant below moved for a nonsuit, but on what ground was not stated, and the justice denied the motion. The defendant below then proved, that whilst he had *Minkler* in his custody, and was conveying him to prison, he met the justice who issued the execution, and who, after some conversation, (which was not stated,) required the defendant to return him the execution, which was done, and the justice discharged the prisoner. There was a trial by jury, and a verdict for the plaintiff, on which the justice gave judgment for 9 dollars and the costs.

*Per Curiam.* The objection now raised against the admission of *parol* proof of the execution, comes too late; it would have been valid, had it been made on the trial, but no such objection appears to have been made, and we cannot intend, for the purpose of reversing a judgment, that this framed the ground of the motion for a nonsuit. All intendments ought to be in support of the judgment. The constable doubtless acted in good faith, and in obedience to what he supposed competent authority, in discharging *Minkler*, yet this will not excuse him. The justice had no authority, in his official character, to order the prisoner discharged, and no special power for that purpose appears to have been given by the plaintiff in the execution. It was, therefore, an act altogether unauthorized, and will not excuse the constable.

Judgment reversed,